| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | NO. 24-00067 MJC |
| Terrence James Delaney a/k/a | : | |
| Terrence J. Delaney, a/k/a | : | |
| Terrence Delaney | : | |
| Debtor(s) | : | |
| | : | |
| Lakeview Loan Servicing, LLC | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| Terrence James Delaney a/k/a | : | |
| Terrence J. Delaney, a/k/a | : | |
| Terrence Delaney | : | |
| Debtor | : | |
| | : | |
| Maria D. Rivera | : | |
| | : | |
| Jack N. Zaharopoulos | : | |
| Trustee | : | |

**ANSWER TO MOTION OF Lakeview Loan Servicing, LLC
FOR RELIEF FROM THE AUTOMATIC STAY
UNDER SECTION 362 and 1301
ON BEHALF OF DEBTOR**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied, based on information and belief.

7. Denied. After reasonable investigation, Debtor is without knowledge sufficient to admit

   or deny this averment.

8.  Denied. After reasonable investigation, Debtor is without knowledge sufficient to admit or deny this averment.

9.  Denied. This paragraph represents a legal conclusion to which no response is required.

10. Denied. After reasonable investigation, Debtor is without knowledge sufficient to admit or deny this averment.

11. Denied. This paragraph represents a legal conclusion to which no response is required.

Respectfully Submitted,

**NEWMAN WILLIAMS**

By:    /s/ Robert J. Kidwell, Esquire
          Attorney for Debtor

Date: June 28, 2024